**JONES et al.   v.   HANNA et al.**

No. 3137.

Court of Civil Appeals of Texas.

Waco.

Jan. 14, 1954.

Rehearing Denied Feb. 11, 1954.

Harry W. Flentge, Gatesville, for appellants.

Tom R. Mears, Byron L. McClellan, Gatesville, for appellees.

HALE, Justice.

Mrs. Willie Joe Jones, joined by her husband, Walter Jones, brought this suit in the County Court of Coryell County against Joe Hanna and Brack Hanna to recover compensation for certain services performed by her for the defendants. She alleged that she was in the employment of the defendants in their store in the city of Gatesville from August 14, 1951, to June 3, 1952, and that during said time she worked a total of 504 hours overtime, or 504 hours in excess of 54 hours per week; that the defendant Joe Hanna agreed to pay her $25 per week, or 46.4 cents per hour, for a regular work week of 54 hours and to pay her extra for the 12 hours overtime each week, in violation of Art. 5172a, § 1, of Vernon's Tex.Civ.Stats. and of Art.

1569 of Vernon's Penal Code of Texas; that the defendants had paid her $25 each week for the services she had rendered during the course of her employment but that they had failed and refused to pay her for any of the overtime which she had worked, notwithstanding the fact that she had made proper demand for such payment in accordance with the provisions of Art. 2226 of Vernon's Tex.Civ.Stats. She sued to recover $233.85 alleged to be due her for her overtime under the express contract of employment declared upon and $100 as a reasonable attorney's fee and, in the alternative, if it should be ascertained that there was no express contract, to recover the reasonable value of the overtime services she had rendered in the sum of $467.70.

The case was tried before a jury but upon the conclusion of the evidence adduced on behalf of the plaintiffs the trial court granted the motion of the defendants for a peremptory instruction and rendered judgment that the plaintiffs take nothing. From the judgment thus rendered against them the plaintiffs have duly perfected their appeal to this court, their contention being that the trial court erred in peremptorily instructing the jury to return its verdict in favor of defendants.

■ The plaintiffs' pleadings and evidence show that Mrs. Jones entered into a contract with Joe Hanna by which he employed her to work in a mercantile establishment for more than 9 hours per day and for more than 54 hours per week in violation of the penal statutes of this State. Whether the agreement by which she was to work such overtime and receive pay therefor be regarded as an express or an implied contract is immaterial because such contract was, in either of these events, illegal and void and in our opinion neither party to such contract was entitled to invoke the aid of the courts to secure any benefits by reason thereof. We base our opinion primarily upon the prior holding of this court in the case of Montgomery Ward & Co. v. Lusk, 52 S.W.2d 1110, er. ref. If Mrs. Lusk was not entitled to recover the value of her services on the theory of quantum meruit for her overtime in the cited case, we fail to see any reason why Mrs. Jones would be entitled to recover the value of her services for overtime in the case now before us. One seldom finds two cases as nearly alike on the material facts involved as these two cases are.

■ We are not unmindful of the general principle in equity that one who receives benefits by accepting the services of another ought to pay the reasonable value thereof in the absence of an enforceable contract with respect to the services so rendered. This principle has been applied in some cases where the contract out of which the services arose was unenforceable because of its invalidity or illegality. However, we know of no Texas case where such principle has been applied when the invalidity or illegality of the contract grew out of the violation of a penal statute which evidences a legislative intent to prohibit the doing of the thing which the statute denounces. As said by the Supreme Court in the case of Woolsey v. Panhandle Refining Co., 131 Tex. 449, 116 S.W.2d 675, 678: "The great weight of authority supports the general rule that an agreement which violates a valid statute is illegal and void, and cannot be enforced. * * * It may be true that by refusing to enforce this contract injury may result to plaintiff. However, refusing to enforce the agreement of settlement involved here will be far less disastrous to the great army of employees operating under this statute than to hold that under the law an employee and an employer can contract away the rights of the employee. In line with the universally accepted rule, this court has repeatedly refused to enforce contracts which are either expressly or impliedly prohibited by statutes or by public policy. (Citing authorities.)"

Because we have concluded that the trial court did not err in peremptorily instructing the jury to return its verdict in favor of defendants, all of appellants' points of error are overruled and the judgment of the court below is affirmed.