**Charles H. McJUNKIN, Appellant,**

v.

**ESTATE of Howard M. McJUNKIN, Herbert Henry McJunkin, Sr., Executor, Appellee.**

No. 18051.

Court of Civil Appeals of Texas, Dallas.

March 22, 1973.

Robert C. Johnson, Jr., Grady, Johnson, Smith & Blakeley, Dallas, for appellant.

Paul J. Chitwood, Chitwood, Riley & Thompson, Dallas, for appellee.

BATEMAN, Justice.

This is a suit for damages for breach of contract. The appellant Charles H. McJunkin sued his father's estate and appeals from a take nothing judgment rendered by the trial court sitting without a jury. The case is submitted on an agreed statement of the facts.

Appellant's father, Howard M. McJunkin, had a National Service Life Insurance policy insuring his life in the sum of $10,000. He was divorced from appellant's

mother and in the community property settlement agreement he agreed to execute and deliver to the proper governmental agency an appropriate written form naming appellant as the irrevocable beneficiary of the full amount of said policy, specifically waiving and surrendering the right to change the beneficiary at any future time, provided that appellant pay "from the proceeds" thereof certain funeral expenses of his father. The trial court concluded as a matter of law that this portion of the agreement was illegal, void and unenforceable because of applicable federal statutes. These statutes are parts of §§ 717 and 3101 of 38 U.S.C.A., as follows:

"§ 717.

(a) The insured shall have the right to designate the beneficiary or beneficiaries of insurance maturing on or after August 1, 1946, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries.

\*   \*   \*   \*   \*   \*

"§ 3101.

(a) Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

After his father's death, appellant discovered that contrary to the said agreement the father had changed the beneficiary to another. Appellant makes no claim against the government, nor against the last named beneficiary, and does not assert any right in or to the policy or the proceeds thereof. He sues solely for damages arising from breach by his father of the agreement not to change the beneficiary.

In Wissner v. Wissner, 338 U.S. 655, 70 S.Ct. 398, 400, 94 L.Ed. 424 (1950), the contest for the proceeds of a similar National Service Life Insurance policy was between the parents of the deceased soldier, who had been named as beneficiaries, and the soldier's widow, who claimed one-half the proceeds under the community property laws of California. In construing the statutes quoted above the United States Supreme Court held that the Congress had "spoken with force and clarity in directing that the proceeds belong to the named beneficiary and no other." The California courts had held that the widow had a "vested right" to the insurance proceeds, but the United States Supreme Court held otherwise, saying:

"Whether directed at the very money received from the Government or an equivalent amount, the judgment below nullifies the solder's choice and frustrates the deliberate purpose of Congress. It cannot stand."

In Woolsey v. Panhandle Refining Co., 131 Tex. 449, 116 S.W.2d 675, 678 (1938), the principal question was whether an employer and an employee could make a valid contract obligating the employer to furnish lifetime employment to the employee in consideration of his agreement not to file a claim with the Industrial Accident Board. In view of the provision in the Texas Workmen's Compensation Act requiring that an agreed settlement be within the terms of the Act, and that a lump sum settlement is unenforceable without approval of the Industrial Accident Board, our Supreme Court held that the agreement, being in violation of the Act, was void and unenforceable.

Williams v. Williams, 255 N.C. 315, 121 S.E.2d 536 (1961), involved a separation and property settlement agreement between the parties in which the husband had agreed that he would maintain and keep in

force certain policies of government insurance on his life in which the wife was designated the beneficiary, and that he would not change the beneficiary. The parties were then divorced and the husband remarried and changed the beneficiary. The Supreme Court of North Carolina held that this agreement was in effect an assignment of the proceeds of the policies, which was prohibited by federal statute, that the agreement was therefore void.

To the same effect see also Hoffman v. United States, 391 F.2d 195 (9th Cir. 1968); Fleming v. Smith, 69 Wash.2d 277, 418 P.2d 147 (1966); Kauffman v. Kauffman, 93 Cal.App.2d 808, 210 P.2d 29 (1949), and Eldin v. United States, 157 F. Supp. 34 (S.D.Ill.1957). Of particular interest is Reed v. Reed, 29 Colo.App. 199, 481 P.2d 125 (1971), wherein the divorced wife sought to enforce a provision in the property settlement agreement, which was incorporated in the divorce decree, that the husband should make the wife the irrevocable beneficiary of a National Service Life Insurance policy on his life. The divorce decree ordered him to do so. After quoting the same portions of 38 U.S.C.A. which we have quoted above, the court said:

"The decided cases interpreting these sections make it quite clear that any order in a divorce decree, restricting the right of the policy holder to change the beneficiaries at any time and under any circumstances, is absolutely ineffectual and unenforceable."

Appellant argues that the effect of the agreement between his parents was that he should receive $10,000 on the death of his father and pay therefrom the funeral expenses of his father not paid by the government, and that the National Service Life Insurance policy was merely a means of assuring the performance of this agreement. But that is not what the agreement says. It purports to obligate Howard M. McJunkin to name appellant as "the irrevocable beneficiary of the full amount of said life insurance policy specifically waiv-ing and giving up the right to change the beneficiary of the policy at any time thereafter." The futility of appellant's position is also demonstrated by the next sentence of the agreement, as follows: *"From the proceeds* Charles Howard will pay funeral expenses of Howard M. McJunkin in excess of amount paid by government to his benefit as a World War II veteran." (Italics ours.)

The Congress has declared the public policy of the nation by enactment of the above quoted statutes. If a veteran could contract to surrender his right to change the beneficiary, or to assign the proceeds of such a policy, and then be held liable in damages for the breach of such contract, the purpose of the above quoted statutes, and hence the public policy, would be frustrated. For this reason, it is held that neither the veteran nor his estate will be held liable for damages for the breach of such an illegal contract.

Appellant relies on Lindeburg v. Lindeburg, 162 So.2d 1 (Fla.Dist.Ct.App.1964), as holding to the contrary. However, it was said in Fleming v. Smith, 418 P.2d 147, 152 (Wash.Sup.1966), *"Lindeburg* appears to stand alone and we are not convinced by its reasoning." Neither are we.

Our conclusion finds support in Kadane v. Clark, 135 Tex. 496, 143 S.W.2d 197, 200 (1940), relating to contracts in violation of the Texas Securities Act, and in Vann v. Toby, 260 S.W.2d 114 (Tex.Civ.App., Dallas 1953, writ ref'd n.r.e.), which involved a contract in violation of the Texas Anti-Trust laws. See also Araiza v. Chapa, 319 S.W.2d 742, 743 (Tex.Civ.App., San Antonio 1958, writ ref'd n.r.e.); Montgomery Ward & Co. v. Lusk, 52 S.W.2d 1110 (Tex.Civ.App., Waco 1932, writ ref'd); Jones v. Hanna, 264 S.W.2d 133, 134 (Tex.Civ.App., Waco 1954, no writ); 13 Tex.Jur.2d, Contracts, §§ 167, 168, 171, pp. 355, 358, 364.

Accordingly, all of appellant's points of error on appeal are overruled and the judgment is affirmed.