**Jessie M. ROBERTS, Appellant,**

v.

**Eulalia E. ROBERTS et al., Appellees.**

**No. 8039.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 10, 1977.

Rehearing Denied Dec. 1, 1977.

Lee Roger Ratliff, Silsbee, for appellant.

Glen L. Kirby, Kountze, for appellees.

CLAYTON, Justice.

The Metropolitan Life Insurance Company filed this interpleader to have the court determine who was entitled to the proceeds of the insurance policy on the life of Don W. Roberts. The claimants in the trial court were the surviving widow, Jessie M. Roberts, appellant, and the four surviving children of the deceased, appellees. Both parties filed motions for summary judgment. The trial court granted the motion for appellee and denied the motion filed by appellant.

The undisputed evidence shows the following: Don W. Roberts and appellees' mother were married in 1955 and maintained the insurance, the proceeds of which are in controversy in this case, for approximately twenty years until the marriage was terminated by divorce. The divorce was pronounced on June 2, 1975, and the judgment was entered on July 12, 1975. Appellant married Don Roberts on June 21, 1975. Don Roberts died on January 22, 1976. The divorce decree entered July 12, 1975, provided that ". . . the four (4) children will be the sole beneficiaries of all insurance policies presently insuring the life of DON W. ROBERTS." On October 8, 1975, following his marriage to appellant, he, Roberts, signed a "Designation of Beneficiary" form naming appellant as beneficiary, and this form was received by the Civil Service Commission on October 18, 1975. This

"Designation of Beneficiary" form for this policy was the only such form ever filed.

At the time of his death, the deceased was insured under a group life insurance policy issued by the Metropolitan Life Insurance Company to the United States Civil Service Commission. The insurance which became available under the Federal Employees' Group Life Insurance Act (*5 U.S. C.S. § 8701 (1967)*, et seq.) provided for United States Civil Service employees while the deceased was an employee of the United States Conservation Service and prior to his retirement therefrom. The life insurance is term insurance, having no surrender value, or any loan, paid up or extended insurance value.

In the judgment of the trial court it was specifically decreed that "the . . . CHILDREN hold a vested equitable interest in and title to the proceeds of the subject insurance policy by virtue and as the date of the judgment of the [divorce decree] . . . , so the legal interest in and title to the proceeds of the subject insurance policy which passed to the DEFENDANT JESSIE ROBERTS by virtue of the designation of beneficiary dated October 8, 1975, was impressed with a constructive trust in favor of the DEFENDANT ROBERTS' CHILDREN, and . . . the . . . CHILDREN are entitled to judgment for these proceeds. . . ." By virtue of this judgment, the trial court held that the legal title to the proceeds of the insurance vested in appellant, but that these proceeds were impressed with a constructive trust in favor of appellees resulting from the provisions of the divorce decree.

Appellant's basic contention is that the Federal statute and regulations prescribe a method of designating a beneficiary to the exclusion of any other method. The Federal Statute, *5 U.S.C.S. § 8705 (1967)*, states that a beneficiary may be designated only by a signed and witnessed writing received by the employing office of the Civil Service Commission. It provides further in that: "A designation, change or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect."

In urging the trial court was in error, appellant relies upon a line of cases involving National Life Insurance policies, including *McJunkin v. Estate of McJunkin,* 493 S.W.2d 278 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.). In the *McJunkin* case a son sued his deceased father's estate for breach of contract arising from the father's failure to honor a provision in a property settlement agreement. In the provision the father agreed to name the son as irrevocable beneficiary in a National Service Life Insurance policy, but the father later designated another person as beneficiary. The court held that this portion of the property settlement agreement was illegal, void, and unenforceable because of the provisions of *§§ 717* and *3101* of *38 U.S.C.S.* The insurance involved in the *McJunkin* case was a National Service Life policy, where the Federal government was the insurer and involved Federal funds. The cases cited and relied upon by appellants involve the same type of insurance policies.

The cases relied upon by appellants cannot be controlling in this case. The applicable Federal statute, *38 U.S.C.S. § 3101 (Supp.1977),* provides the proceeds ". . . shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary." In our case under review there is no such statutory provision precluding the use of the equitable remedy of constructive trust—once the proceeds are in the hands of the beneficiary.

The appellant does not attack or challenge the validity of the constructive trust created by the trial court. We must assume she concedes that under the facts of this case the constructive trust could be and was a valid exercise of the trial court's power and authority under the laws of this State. A constructive trust in cases similar to this case has been recognized and upheld by our State courts. See *Wunsche v. Equitable Life Assur. Soc.,* 551 S.W.2d 84 (Tex. Civ.App.—Beaumont 1977, writ ref'd n. r. e.); *Box v. Southern Farm Bureau Life Ins. Co.,* 526 S.W.2d 787 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.); *O'Neill v. Connecticut Mutual Life Ins. Co.,* 544

S.W.2d 741 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n. r. e.).

Appellant contends the trial court erred in overruling her motion for summary judgment because she was the named beneficiary in the policy and as a matter of law was entitled to the proceeds. Appellant incorrectly construes the judgment of the trial court. The court specifically recognized and held that appellant was the named beneficiary in the policy and held that legal title to the proceeds vested in her. The court did not hold the children to be entitled to the proceeds as beneficiaries under the policy. The trial court did hold that under the facts of this case the children held a vested equitable interest in and title to the proceeds of the insurance policy.

The judgment of the trial court did not in any manner change, alter, or affect the designated beneficiary of the policy and did not, in any manner, contravene the provisions of the Federal statutes governing the procedures applicable to naming the designated beneficiary. We hold that the trial court's action in impressing a constructive trust in favor of appellees upon the legal title in and to the policy proceeds which was decreed by the court to be vested in appellant was proper, and the judgment of the trial court is affirmed.

AFFIRMED.