Carol W. SEAMAN, Appellant,

v.

Margie B. SEAMAN, et al, Appellees.

No. 01–84–0134–CV.

Court of Appeals of Texas, Houston (1 Dist.).

Nov. 1, 1984.

Rehearing Denied Feb. 28, 1985.

---

Mary M. Craft, Robert L. Lipstet, Dunn, Stern, Lipstet, Singer & Hirsch, Constance G. Decker, Dunn, Stern, Lipstet, Singer & Hirsch, Houston, for appellant.

Larry B. Jackson, Houston, for appellees.

Before DUGGAN, LEVY and DOYLE, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a summary judgment in favor of the appellee, the former wife of the deceased, against both the appellant, the deceased's widow, and the interpleader, Philadelphia Life Insurance Company. The judgment awarded the former wife $68,000, the total amount of term life insurance proceeds due at the deceased's death.

The Houston Port Authority maintained group life insurance coverage for its employees, including the deceased, Colman Seaman, through a policy issued by the interpleader. Seaman died on September 25, 1982, and both his former wife, appellee Margie B. Seaman, and his widow, appellant Carol W. Seaman, made demand on Philadelphia Life for the proceeds of the policy. Philadelphia Life filed an interpleader action in the district court, impleading both claimants, and deposited into the registry of the court the $68,000 policy proceeds due as of the date of the deceased's death.

Appellant based her claim to the policy proceeds on her status as the policy's designated beneficiary. Appellee, who was divorced from the deceased approximately five years earlier, based her claim on the provisions of a 1977 divorce property settlement agreement. That agreement awarded appellee "all right, title and interest in and to any insurance policies, in effect as of date of separation of March 1, 1977, held or owned by Colvin Gregory Seaman."

Colvin Seaman thereafter married appellant on June 23, 1980, and executed a form changing the beneficiary of the policy from appellee to appellant on or about July 23, 1980. However, he retained appellee as the contingent beneficiary.

Following motions for summary judgment by both claimants, the trial court (1) granted summary judgment in favor of the appellee former wife against the appellant widow and the interpleader insurance company for the full amount of proceeds due at the time of the insured's death, (2) denied the appellant's motion for summary judgment against the appellee, and (3) entered a take-nothing judgment as to appellant's counter-claim against the interpleader insurance carrier. Appellant brings two points of error.

In her first point of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment because an issue of fact exists as to whether the 1977 property settlement agreement gave appellee an interest in the life insurance policy in effect on the insured's death in 1982.

Appellee's affidavit in support of her motion for summary judgment stated, concerning the insurance policy at issue, as follows:

At the date of our separation, March 1, 1977, COLVIN GREGORY SEAMAN was insured by an insurance policy, Group Policies Numbers 872 and 873, Certificate Number 360, of which PHILADELPHIA LIFE INSURANCE COMPANY was the insurer.

On September 25, 1982, COLVIN GREGORY SEAMAN died. At the time of his death, the insurance policy issued by PHILADELPHIA LIFE INSURANCE COMPANY was in full force and effect. The total benefits payable under such policy as of September 25, 1982, were SIXTY EIGHT THOUSAND AND NO/100 DOLLARS ($68,000 00).

Attached to appellee's affidavit was a copy of the 1977 Property Settlement Agreement between her and the deceased, which contained the following pertinent language:

## II.

*Marital Property Set Aside to Wife*
Wife shall own, have and enjoy as her separate property and estate the properties, rights and interests set forth on Schedule I attached hereto and made a part hereof for all purposes, and Wife is hereby vested with and husband is hereby divested of all right, title and interest in and to the property and interests described on Schedule I.

### Schedule I

### Wife's Property

. . . . .

10. All right, title and interest in and to any insurance policies, *in effect at the time of date of separation,* March 1, 1977, *held or owned* by Colvin Gregory Seaman. (Emphasis added).

The questions presented by this point of error are: (1) whether the appellee former wife's evidence was legally sufficient to establish her right to the policy benefits, and, if not, (2) whether the appellant widow was required to bring to the trial court's attention grounds why the appellee was not entitled to these benefits.

■ A summary judgment movant has the burden of proof to show that as a matter of law there is no material fact issue. The summary judgment must stand on the merits of its own supporting evidence. If legally insufficient, a summary judgment cannot be granted, even by default. *Lloyd v. Holland,* 659 S.W.2d 103, 105 (Tex.App.—Houston [14th Dist.] 1983, no writ).

■ While the nonmovant must expressly present to the trial court any reasons seeking to *avoid* the movant's entitlement to judgment, an exception applies to the situation of an attack on the legal sufficiency of the grounds for summary judgment expressly raised by the movant. *City of*

*Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979).

■ When counter-motions for summary judgment are properly before the court at the time judgment is rendered, all evidence accompanying appellant's motion is to be considered in deciding appellee's motion and vice versa. *DeBord v. Muller,* 446 S.W.2d 299, 301 (Tex.1969); *Sorsby v. State,* 624 S.W.2d 227, 230 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ).

■ At a trial of this case, the appellee would be required to prove the existence of the insurance policy and the provisions of the property settlement agreement awarding her the policy benefits. While appellee failed to introduce proof of the policy of insurance at the summary judgment hearing, appellant did attach a copy of the policy in her own motion for summary judgment. In introducing a copy of the policy, the appellant thus established the first portion of appellee's burden of proof, *i.e.,* the existence of the policy. *Debord v. Muller, supra; Sorsby v. State, supra.*

■ However, appellee neither alleged in her affidavit nor proved that the specific insurance policy in question was "held or owned" by the deceased "at the time of date of separation," such as would be required to set aside the policy to appellee under the agreement. To the contrary, the copy of the insurance policy introduced as summary judgment evidence showed that the deceased's employer, and not the deceased, held or owned the policy. Appellee's evidence was thus legally insufficient to support the summary judgment in that appellee failed to present and conclusively prove one of the essential elements of her cause of action as a matter of law, *i.e.,* that the insurance policy in question was "held or owned" by the *deceased* at the time of his separation from the appellee. Tex.R. Civ.Pro. 166–A(c). *Wilcox v. St. Mary's University of San Antonio, Inc.,* 531 S.W.2d 589, (Tex.1975). Further, it was not necessary for the appellant to bring this defect to the attention of the court below, since the issue goes to the legal sufficiency of the grounds of the summary judgment, and is not an issue which the non-moving party needed to raise to avoid the appellee's entitlement to judgment. *See City of Houston v. Clear Creek Basin Authority.*

If appellant's first point of error had not required our reversal of the summary judgment, her alternative first point of error would compel it. Alternatively to her first point, appellant urges that as a matter of law she is entitled, as the designated beneficiary of the life insurance policy, to that portion of the proceeds which accrued after the effective date of appellee's and the deceased insured's 1977 divorce.

Appellant contends that a material question of fact exists in that the Property Settlement Agreement is ambiguous and susceptible to more than one meaning as to who is entitled to benefits accruing after the date of appellee's separation from the deceased. Conversely, appellee asserts that the language of the agreement clearly and unambiguously shows that the agreement divested the deceased of *any* interest in the subject policies, not just the amount in effect on the date of separation.

Appellant's response to appellee's motion for summary judgment included as evidence a letter to appellant from Alton B. Landry, personnel manager of the deceased's employer, which set out the amount of proceeds due under the insurance policy on various dates. The letter shows that, as of the date of the deceased's divorce from appellee on December 12, 1977, the total amount of life insurance in effect was $44,000; as of the date of his marriage to appellant on June 27, 1980, the total amount in effect was $54,500; and, as of the date of his death on September 25, 1982, the total amount of insurance in effect was $68,000.

■ When a question exists as to the true meaning of a vital statement of fact contained in an instrument, the primary concern of courts is to ascertain and give effect to the intentions of the parties as expressed in the instrument. *Citizens Nat'l Bank in Abilene v. Texas & P. Ry.*

*Co.,* 136 Tex. 333, 150 S.W.2d 1003 (1941). To achieve this objective, courts should examine and consider the entire writing in an effort to harmonize and give effect to all provisions so that none will be rendered meaningless. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983). If a written instrument is so worded that a court may properly give it a certain or definite legal meaning or interpretation, it is not ambiguous. *Universal C.I.T. Credit Corp. v. Daniel,* 150 Tex. 513, 243 S.W.2d 154, 157 (1951). However, when an instrument's meaning is uncertain and doubtful, or is reasonably susceptible to more than one meaning, it is ambiguous, and extraneous evidence is admissible to determine the true meaning. *R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.,* 596 S.W.2d 517, 519 (Tex.1980).

 A 1975 amendment to art. 23(1), Tex.Rev.Civ.Stat.Ann. (Vernon 1969), enlarged the statutory definition of "property" to include "insurance policies and the effects thereof." The right to receive insurance proceeds payable at a future but uncertain date is "property" in the nature of a chose in action which matures at the insured's death. *Brown v. Lee,* 371 S.W.2d 694, 696 (Tex.1963). Clearly, the proceeds of insurance in *effect* on the date of separation of Margie Seaman and Colvin Seaman were community property and subject to division. However, the right to future proceeds was conditioned upon the continuous payment of policy premiums, and the unmatured chose in action was dependent upon the continuing effect of the policy. Thus, an ambiguity exists as to whether Colvin Seaman's divestiture of his interest in this policy by the property settlement agreement applied (1) to future rights in the policy benefits, and (2) to the policy itself following the end of the term in effect at the time of the divorce.

Appellee cites several cases wherein either a term or a whole life insurance policy on the life of one spouse has been the subject of divorce decrees. However, the policies of insurance in these cases were particularly described and specific provisions were made in the decree requiring the insured spouse not only to keep the policy in force and effect by the payment of premiums for the benefit of minor children of the marriage, but also to designate these children as the beneficiaries of the policy. *See Roberts v. Roberts,* 560 S.W.2d 438 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.); *Wunsche v. Equitable Life Assur. Soc.,* 551 S.W.2d 84 (Tex.Civ.App.—1977, writ ref'd n.r.e.); *O'Neill v. Connecticut Mutual Life Ins. Co.,* 544 S.W.2d 741 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.).

The property settlement agreement between the deceased and appellee here in question makes no provision for the payment of future premiums in order to keep the policy in force and effect. Likewise, there was no provision in the agreement that appellee was to be kept as the designated beneficiary of the policy. Absent such requirements and duties on the part of the deceased, an ambiguity exists as to what benefits from the policy were awarded to appellee in the Decree of Divorce.

Accordingly, we hold that the right to the proceeds of the insurance policy was not resolved by the summary judgment evidence, and we sustain appellant's first point of error.

By her second point of error, appellant contends that the trial court erred in granting a final summary judgment denying her recovery against the interpleader, Philadelphia Life, because in doing so the court adjudicated the rights and duties of a party not present.

As a result of the conflicting claims of the widow and the former wife, Philadelphia Life filed an interpleader action, alleged its willingness to pay the proceeds of the policy of insurance to the person legally entitled to receive them, and deposited the proceeds into the registry of the court. Both appellant and appellee had filed answers to Philadelphia Life's bill of interpleader, as well as cross-claims against each other, and counter-claims against Philadelphia Life. When appellee filed her motion for summary judgment, appellant filed a response in opposition; however, appel-

lant filed her counter-motion for summary judgment against appellee only. Philadelphia Life did not file a motion for summary judgment or a response to appellee's motion for summary judgment. Further, although Philadelphia Life was served notice of the hearing date of the appellee's motion, it did not appear.

Appellant's counter-claim against Philadelphia Life alleged that the insurer was independently liable to her under its policy because she was the designated beneficiary under the policy, and the insurer had denied her claim to the policy proceeds. The trial court's judgment stated in pertinent part the following:

> ORDERED, ADJUDGED AND DECREED, that all right and liabilities of Interpleader Plaintiff, Philadelphia Life Insurance Company shall be discharged and satisfied by the payment by the Clerk of the Court of the funds deposited by Philadelphia Life Insurance Company into the Registry of the Court; ...
>
> . . . . .
>
> ORDERED, ADJUDGED AND DECREED that the Counter-Plaintiff, Carol W. Seaman, take nothing by way of her Counter-Claim against the Interpleader Plaintiff, Philadelphia Life Insurance Company; ...

The effect of this judgment was to render a final summary judgment against all of the parties. Based on the recent Texas Supreme Court decision in *Teer v. Duddlesten*, 664 S.W.2d 702 (1984), such a rendition was error.

In *Teer*, two plaintiffs sued the City of Bellaire and two other defendants. When the latter two defendants alone filed for, and were granted, motion for summary judgment, the final judgment entered included judgment for the defendant City of Bellaire as well. In holding that the trial court should have granted only an interlocutory or partial summary judgment, the supreme court stated:

> Two of City's co-defendants moved for summary judgment, but City filed no motion, gave no notice, produced no affidavits, and made no showing. It did nothing. *See* Tex.R.Civ.P. 166–A(a), (b). A summary judgment may only be granted in favor of a movant whose evidence offered in support of the motion establishes the movant's right to judgment as a matter of law ... City was not a party to the summary judgment proceedings either as movant or non-movant, and whether City received a favorable or adverse judgment, the trial court erred in finally adjudicating the rights of that party.

*Id.* at 703.

Appellee's motion for summary judgment was filed against both appellant and Philadelphia. The trial court was therefore able to dispose of appellant's cross-claim against appellee and appellee's counter-claim against Philadelphia. However, it was error for the court to dispose of appellant's counter-claim against Philadelphia. Appellant's counter-motion for summary judgment was filed only against appellee and not against Philadelphia. Although Philadelphia, like the City of Bellaire in *Teer*, filed no motion for summary judgment against appellant, the trial court nevertheless made an adjudication of appellant's counterclaim against Philadelphia. Neither appellant nor Philadelphia had reason to believe an adjudication would be made for or against a party not before the court. *Teer* at 704. The correct judgment would have been a partial summary judgment which did not purport to adjudicate appellant's rights against Philadelphia. Appellant's second point of error is sustained.

The judgment is reversed and the cause is remanded to the trial court.