JUANITA P. BARDEN v. METROPOLITAN LIFE INSURANCE COMPANY, AND MARY DUNCAN MAULTSBY BARDEN

No. 7810SC647

(Filed 1 May 1979)

**Insurance § 29.1— life insurance—right to change beneficiary contracted away**

　　The insured could and did contract away his right to designate the beneficiary of a life insurance policy issued to himself when he signed a separation agreement with his first wife which included a provision that he would transfer all incidents of ownership on the policy, including the right to change

---

---

the beneficiary, to the first wife, and insured's attempt thereafter to change the beneficiary by filing a form with the insurance company was of no force and effect.

APPEAL by defendant Mary Duncan Maultsby Barden from *McLelland, Judge*. Judgment entered 19 May 1978 in Superior Court, WAKE County. Heard in the Court of Appeals on 3 April 1979.

This is a civil action wherein plaintiff seeks to recover the proceeds of a group life insurance policy issued to her former husband, Heywood L. Barden. Defendant Mary Duncan Maultsby Barden answered, denying the material allegations of the complaint, and further alleged that she is entitled to the proceeds of the policy in question by virtue of the provisions of 5 U.S.C. § 8705(a). Defendant Metropolitan Life answered admitting that the insured filed a designation of beneficiary dated 23 September 1968 naming the plaintiff as beneficiary and also filed a designation form on 14 November 1975 naming the defendant, Mary Barden, beneficiary. Metropolitan Life further moved for Order of interpleader and alleged that it was prepared to pay the insurance proceeds and accrued interest into the Court. On 16 September 1977, the trial judge granted the defendant Metropolitan Life's interpleader motion, and ordered that it be dismissed from the lawsuit upon paying the moneys in question to the Clerk of Court.

The facts of this case are not controverted. Heywood L. Barden was the insured under a Federal Employee's Group Life Insurance policy issued by Metropolitan Life Insurance Company. On 23 September 1968, the insured filed with Metropolitan Life a form designating the plaintiff, Juanita P. Barden, as the beneficiary under the policy. On 1 August 1970, the insured entered into a separation agreement with the plaintiff. One of the provisions of the separation agreement is as follows:

> 10. The party of the first part [Heywood L. Barden] covenants and agrees that he will continue in effect and in force and pay the premiums on the life insurance policies which he now has including the policies with Metropolitan Life and the Veterans Administration. The party of the first part agrees that he will transfer to the party of the second

part [Juanita Barden] all the incidents of ownership on said policies, such as the right to designate the beneficiary of the said policies. The party of the first part further covenants and agrees that he will continue to designate the party of the second part as beneficiary of the Group Life Insurance Policy provided by the U.S. Government as part of his employment and retirement benefits.

On 2 June 1975, Heywood L. Barden was divorced from the plaintiff. The insured was subsequently married to the defendant, Mary Barden. On 14 November 1975, he filed with Metropolitan Life a second form designating Mary Barden as the beneficiary under the policy in question. On 24 January 1977, Heywood Barden died.

Both parties moved for summary judgment. On 19 May 1978, the trial court entered a summary judgment in the amount of $18,688.71, the amount of the insurance proceeds and accrued interest, in favor of the plaintiff. Defendant appealed.

*Boyce, Mitchell, Burns & Smith, by Eugene Boyce and Robert Smith, for plaintiff appellee.*

*Lester G. Carter, Jr., and Williford, Person & Canady, by N. H. Person, for defendant appellant.*

HEDRICK, Judge.

Since there exists no genuine issue as to any material fact, the one question presented by this appeal is whether the plaintiff was entitled to a summary judgment as a matter of law. Defendant argues that she is entitled to the insurance proceeds as a matter of law by virtue of 5 U.S.C. § 8705(a), which, in pertinent part, provides:

The amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order or precedence:

First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office . . . For this purpose, a

designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.

We think that this statute does not entitle the defendant to the insurance proceeds. The cited statute establishes a priority scheme for payment and provides that "a designation, change, or cancellation of beneficiary" to be effective as such, must be made "in a signed and witnessed writing received before death in the employing office." This portion of the statute provides the method by which a beneficiary may be properly designated; it does not establish the right to designate a beneficiary, which right is contained in the insurance policy. More importantly, compliance with the procedure set out in 5 U.S.C. § 8705(a) does not as a matter of law automatically entitle the person so designated to the proceeds.

In the present case, the insured contracted away his right to designate the beneficiary to the insurance proceeds when he entered into the separation agreement with his first wife. Thus, the insured, after 1 August 1970, no longer had the right to designate the beneficiary on the policy, and his "signed and witnessed writing" purporting to designate the defendant as beneficiary of the group policy was a nullity.

The defendant argues that the provision in the 1 August 1970 separation agreement stating that the insured "agrees that he will continue to designate the party of the second part [Juanita Barden] as beneficiary of the Group Life Insurance Policy" is "a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed," and thus by the terms of 5 U.S.C. § 8705(a), it "has no force or effect." Defendant cites *Williams v. Williams*, 255 N.C. 315, 121 S.E. 2d 536 (1961), in support of her argument. The provision in question in the separation agreement was not "a designation, change, or cancellation of beneficiary," but rather was a promise by the insured that he would not change the existing valid designation. The actual designation of beneficiary occurred on 23 September 1968 when the insured filed the proper form listing the plaintiff as beneficiary.

*Williams v. Williams, supra,* involved a National Service Life Insurance policy issued by the United States Government and

serviced by the Veteran's Administration. The applicable statute in force at that time, 38 U.S.C. § 749, provided that "the insured shall at all times have the right to change the beneficiary or beneficiaries of a United States Government Life insurance policy." The insured entered into a separation agreement containing a provision that he would not change the beneficiary on the policy, but he later filed a form naming his second wife as beneficiary. After the proceeds had been paid to the second wife by the Veteran's Administration, plaintiff, the insured's first wife, did not pursue her statutory remedy to institute suit under 38 U.S.C. § 784, but rather sought to have the State courts impose a constructive trust on the proceeds in the hands of the second wife for her benefit. The trial court ruled that there could not be an irrevocable beneficiary and thus the statute, and not the separation agreement, controlled the disposition of the proceeds. It further refused to impose a constructive trust. On appeal, the North Carolina Supreme Court affirmed, holding that because the plaintiff failed to pursue her exclusive statutory remedy, the decision of the Veteran's Administration as to payment of the proceeds was final. Furthermore, a constructive trust was not available because of 38 U.S.C. § 3101(a), which provided: "Payments of benefits due or to become due under any law administered by the Veteran's Administration shall not be assignable . . . and such payments made to . . . a beneficiary . . . shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever . . . ."

In the present case, the life insurance policy was issued by a private insurer rather than the federal government, and the right to name the beneficiary was established by the contract between the insured and the company, rather than by federal statute. Counsel has pointed to no statute, and we have found none, that makes the right to designate the beneficiary a non-assignable right with regard to the policy in the present case. We note, furthermore, that a constructive trust on the proceeds from a policy like the one in the present case has been upheld by the courts of at least one jurisdiction. *Roberts v. Roberts*, 560 S.W. 2d 438 (Tex. Civ. App. 1977). We are, therefore, of the opinion that the insured in the present case could, and did, contract away his right to designate the beneficiary, and thus his attempt thereafter to change the beneficiary was of no force and effect.

For the reasons stated above, the summary judgment for plaintiff is affirmed.

Affirmed.

Judges PARKER and CARLTON concur.