**Helen Elizabeth KNOWLES, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant and Plaintiff in Counterclaim,**

v.

**Helen Elizabeth KNOWLES, Mary Lela Shore Knowles, Arthur B. Knowles, III, and Sandra Knowles Taylor, Defendants in Counterclaim.**

**Civ. A. No. C80–1167A.**

United States District Court, N. D. Georgia, Atlanta Division.

May 18, 1981.

Greene & Davis, Marietta, Ga., for Helen Elizabeth Knowles, plaintiff.

Smith, Cohen, Ringel, Kohler & Martin, Atlanta, Ga., for Metropolitan Life Ins. Co., defendant and plaintiff in counterclaim.

Reeves & Collier, Atlanta, Ga., for Mary Lela Shore Knowles, defendant in counterclaim.

**ORDER**

TIDWELL, District Judge.

The above-styled action on an insurance contract is before the court on motion for

summary judgment by defendant-in-counterclaim Mary Lela Shore Knowles. Plaintiff brought this action against defendant Metropolitan Life Insurance Company, seeking the proceeds of a Federal Employees Group Life Insurance policy on the life of her ex-husband, Arthur Boma Knowles. Plaintiff bases her claim on a marriage settlement agreement and decree of divorce from the Superior Court of Cobb County, which provided that the insured would maintain his ex-wife as beneficiary under "the retirement and life insurance policies provided by defendant's employer, United States Postal Service." Four days after entry of the decree, the insured changed the beneficiary on this policy to defendant-in-counterclaim Mary Lela Shore Knowles, his present widow. Accordingly, defendant-in-counterclaim made claim upon defendant Metropolitan Life Insurance Company for the proceeds of the policy as named beneficiary at the time of the insured's death.

Plaintiff cites a number of cases, including *Reeves v. Reeves*, 236 Ga. 209, 223 S.E.2d 112 (1976), for the proposition that a property settlement agreement not to change the beneficiary of a policy forecloses the insured's right to do so even though the policy by its terms gives him this right. Under this reasoning the insured's right to designate a change was estopped by his contract with the beneficiary.

However, the insurance policy in question is not a private contract between the insured and the insurer, but a federal policy administered under federal law. The provisions of Chapter 87 of Title 5, U.S.C. are applicable to Postal Service employees under 39 U.S.C. § 1005(f).

5 U.S.C. § 8716 provides for the prescription of regulations necessary to carry out the purposes of this chapter. Such regulations, validly issued, have "the force and effect of law." *Chrysler Corp. v. Brown*, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979); *Rhodes v. United States*, 574 F.2d 1179 (5th Cir. 1978).

5 C.F.R. § 870.901(3) provides:

A change of beneficiary may be made at any time and without the knowledge or consent of the previous beneficiary, *and this right cannot be waived or restricted.* [Emphasis supplied]

This provision, having the force and effect of law, must control. The marriage settlement agreement thus cannot operate as a waiver or restriction of the insured's right to change this beneficiary, and the named beneficiary, under the provisions of 5 U.S.C. § 8705(a), is entitled to the proceeds of the insurance policy at issue.

Defendant-in-counterclaim Mary Lela Shore Knowles' motion for summary judgment is accordingly granted and sustained.

SO ORDERED