[No. 11588–0–I.   Division One.   December 31, 1984.]

THE ESTATE OF RAYMOND J. HANLEY, SR., *Appellant,*
v. P. JOYCE ANDRESEN, *Respondent.*

*Walthew, Warner, Keefe, Arron, Costello & Thompson*
and *Robert M. Keefe,* for appellant.

*Hutchison & Foster* and *Edward P. Weigelt, Jr.,* for respondent.

SCHOLFIELD, J.—The estate of Raymond J. Hanley, Sr., appeals a declaratory judgment awarding the proceeds of a federal employee insurance policy to Hanley's former wife, respondent Andresen, the designated beneficiary under the policy. The estate contends it was entitled to the proceeds because the couple's divorce decree had awarded all interest in the policy to Hanley. We find no error and affirm.

Hanley was an employee of the United States Postal Service from 1968 to 1978. One of the benefits of his employment was a federal employees group insurance policy issued pursuant to the Federal Employees Group Life Insurance Act of 1954, 5 U.S.C. §§ 8701–8716. In 1977, he married respondent Andresen. In 1979, he executed a designation of beneficiary form in compliance with 5 U.S.C. § 8705,[1] naming Andresen as the sole beneficiary of the life insurance policy.

In July 1980, the parties entered into a separation agreement that provided:

> The Husband shall have as his sole and separate property, free and clear of any right, title, or claim of the Wife therein, and the Wife does hereby assign and deliver, convey and quit claim to the Husband . . .
>
> . . .
>
> 6. All right, title and interest of the Husband in retirement benefits and group insurance acquired by virtue of his employment . . . past, present and future.

The separation agreement was incorporated into the

---

[1] 5 U.S.C. § 8705(a) provides in part:

"The amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:

"First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office or, . . . in the Office of Personnel Management. For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect."

5 C.F.R. 870.901 (1984) provides in part:

"(a) The designation of beneficiary shall be in writing, signed, and witnessed, and received in the employing office . . . before the death of the designator.

"(b) A change or cancellation of beneficiary in a last will or testament, or in any other document not witnessed and filed as required by this part, shall not have any force or effect.

" . . .

"(d) Any person, firm, corporation, or legal entity (except an agency of the Federal or District of Columbia Governments) may be named as beneficiary.

"(e) A change of beneficiary may be made at any time and without the knowledge or consent of the previous beneficiary, and this right cannot be waived or restricted."

divorce decree of July 23, 1980. Apparently, the two resumed their relationship and lived together until Hanley died in 1981. Raymond Hanley, Jr., administrator of his father's estate, sought a declaratory judgment to determine the rights of the parties under the policy.

The issue here is whether a Washington divorce decree governs the disposition of proceeds from a federal employees group life insurance policy, the terms of which are controlled by 5 U.S.C. §§ 8701–8716 and 5 C.F.R. § 870. The administrator of the Hanley estate contends that the terms of the divorce decree control, citing *United Benefit Life Ins. Co. v. Price,* 46 Wn.2d 587, 283 P.2d 119 (1955).[2] The administrator states further that the separation agreement indicated a clear intention of the parties to deprive Andresen of any rights she had under the insurance policy.

■■ Under the preemption doctrine, state law is not applied where it conflicts with federal law. *Ridgway v. Ridgway,* 454 U.S. 46, 54–55, 70 L. Ed. 2d 39, 102 S. Ct. 49 (1981); *Metropolitan Life Ins. Co. v. McShan,* 577 F. Supp. 165, 166 (N.D. Cal. 1983). Here, the statute and regulations issued pursuant to the statute both require that a change or cancellation of beneficiary must be witnessed and filed with the employer or the Office of Personnel Management. Further, such a change in a will or other document not so witnessed and filed is without force or effect, 5 C.F.R. § 870.901(b), and the right to change the beneficiary cannot be restricted. 5 C.F.R. § 870.901(e). Literal compliance with the statute is necessary in designating a beneficiary. *Adams v. Macy,* 314 F. Supp. 399, 401 (D. Md. 1970).

Federal case law also establishes that the designated

---

[2]*United Benefit Life Ins. Co. v. Price,* 46 Wn.2d 587, 283 P.2d 119 (1955), here relied on by the administrator, held that a former spouse was divested of any interest she might have had as the named beneficiary of a life insurance policy by a property settlement agreement incorporated into the divorce decree. *United Benefit Life Ins. Co. v. Price* was recently overruled, however, by *Aetna Life Ins. Co. v. Wadsworth,* 102 Wn.2d 652, 689 P.2d 46 (1984). We need not apply the rule laid down in *Wadsworth,* or decide whether it is retroactive, because it cannot change the outcome of this case, which is controlled by federal law.

beneficiary is legally entitled to the proceeds as against other competing claimants. The policy behind strict adherence to the law appears to be twofold: (1) to promote administrative convenience in processing claims, *Metropolitan Life Ins. Co. v. Manning,* 568 F.2d 922, 926 (2d Cir. 1977), and (2) to grant the insured unrestricted freedom in designating a beneficiary, *see Ridgway v. Ridgway,* 454 U.S. at 55–56 (the purpose of a similar life insurance program for military personnel was to give servicemen such freedom). Moreover, the insurance policy involved here is not a private contract between the insured and the insurer, but a federal policy administered under federal law. *Knowles v. Metropolitan Life Ins. Co.,* 514 F. Supp. 515, 516 (N.D. Ga. 1981).[3] "The only endeavor for the court in such a case is to determine the identity of the widow or other statutorily designated successor." *Huff v. Metropolitan Life Ins. Co.,* 675 F.2d 119, 122 (6th Cir. 1982).

To the extent that the divorce decree purported to deprive Andresen of all interest in the policy proceeds, it conflicts with the statutorily required procedure to change the designation of beneficiary. Here, the court correctly determined, as conceded by the estate, that Andresen was the designated beneficiary. Hanley failed to follow the federally mandated procedure to change the designation of Andresen as beneficiary. The divorce decree cannot operate to change the designated beneficiary. Under the statute and federal court decisions interpreting the statute, the proceeds belong to the named beneficiary. The state court decisions cited by the administrator are not controlling.

The estate argues that, at least, it has a cause of action for breach of contract against Andresen. This appeal, however, is from a declaratory judgment. While we are doubtful that the estate has such a valid cause of action against

---

[3] *Knowles v. Metropolitan Life Ins. Co.,* 514 F. Supp. 515 (N.D. Ga. 1981) held that the federal right to change the designated beneficiary overrode a state court divorce decree ordering maintenance of the policy for the insured's ex–wife. *Contra, Barden v. Metropolitan Life Ins. Co.,* 41 N.C. App. 135, 254 S.E.2d 271 (1979).

Andresen, we are not required to reach this issue. The judgment is affirmed.

SWANSON and CALLOW, JJ., concur.