**Adela U. MERCIER, et al., Plaintiffs,**

v.

**Susan MERCIER, et al., Defendants.**

**Civ. No. A4–89–079.**

United States District Court,
D. North Dakota,
Northwestern Division.

Aug. 16, 1989.

Judith E. Howard, Farhart, Lien, Maxon, Howard & Sorenson, Minot, N.D., for plaintiffs.

John A. Zuger, Zuger, Kirmis, Bolinske & Smith, Bismarck, N.D., for Metropolitan Life.

Don Negaard, Pringle & Herigstad, P.C., Minot, N.D., for Susan Mercier.

## MEMORANDUM AND ORDER

CONMY, Chief Judge.

Plaintiff, Adela U. Mercier on behalf of her son, Aaron L. Mercier, is suing defendants, Susan Mercier and Metropolitan Life Insurance Company to recover insurance proceeds paid to Susan Mercier when the decedent, James Mercier died.

### FACTS

James Mercier was divorced from Adela Mercier on August 29, 1983. Article XIII of the divorce decree provided that James was to maintain insurance on his life in the sum of $40,000, with his minor child, Aaron designated as the beneficiary. At the time the divorce decree was entered, James had a Federal Employees Group Life Insurance (FEGLI) policy through his job as a United States Postal Service worker.

On September 9, 1988, James was married to his second wife, Susan Mercier. On November 15, 1988, James named Susan as the beneficiary of his FEGLI policy. James Mercier committed suicide on December 23, 1988. Susan filed a claim with Metropolitan Life Insurance Company, the carrier of the FEGLI policy, on January 25, 1989. Metropolitan Life paid the proceeds of James's policy to Susan on January 27, 1989. On February 17, 1989, Adela Mercier, on behalf of Aaron Mercier, filed a claim with Metropolitan Life to recover the proceeds. Metropolitan Life informed Adela that the proceeds had already been paid to the designated beneficiary, Susan Mercier.

Plaintiffs have initiated this action against defendants, Susan Mercier and Metropolitan Life, to have a constructive trust imposed on the proceeds of the insurance, asserting that the defendants had a fiduciary duty toward Aaron and that Susan has been unjustly enriched by taking possession of the insurance proceeds. Metropolitan Life has moved for summary judgment, asserting that federal law concerning payment to FEGLI beneficiaries supersedes any conflicting state law, and that Plaintiffs' claim for a constructive trust on the proceeds is therefore barred.

Susan Mercier has moved for dismissal, also based on federal preemption of state law.

A summary judgment is warranted where there are no genuine issues of material fact and where the party moving for summary judgment must prevail as a matter of law. Fed.R.Civ.P. 56. Under the facts and circumstances of this case, the court finds there are no genuine issues of material fact and that a summary judgment is appropriate at this time.

### FEGLI PREEMPTION OF STATE LAW

Congress has provided that the proceeds of a FEGLI policy are to be paid: "First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office." 5 U.S.C. § 8705(a). Congress has also provided that for purposes of paying to the designated beneficiary first, "a designation, change, or cancellation of beneficiary in a will *or other document* not so executed and filed has no force or effect." *Id.* (emphasis added). In addition, the provisions of any contract under FEGLI "which relate to the nature or extent of coverage or benefits (*including payments with respect to benefits*) shall supersede and preempt any law of any State ... to the extent that the law or regulation [of the state] is inconsistent with the contractual provisions." 5 U.S.C. § 8709(d)(1) (emphasis added).

Congress has further provided that the Office of Personnel Management (OPM) has the power to prescribe regulations to carry out the purposes envisioned by FEGLI. 5 U.S.C. § 8716(a). The OPM's regulations also specify that a beneficiary designation must be in writing and received in the employing office before the death of the insured, a change of beneficiary in a will or other document not filed as required by the regulations has no force or effect, and that "[a] change of beneficiary may be made at any time and without the knowledge or consent of the previous beneficiary." 5 C.F.R. §§ 870.902(a), (b), & (e) (1988). The regulations also provide that the right to change a beneficiary cannot be

waived or restricted. 5 C.F.R. § 870.902(e) (1988).

Thus, Congress appears to have intended that the beneficiary properly designated by the insured, in writing and received by the employing office, was to take precedence over any other potential beneficiary, regardless of whether the nondesignated individual might have a valid claim under state law. The OPM's regulations echo the statutory language, adding that the right to change beneficiaries cannot be waived or restricted. The right of an insured to designate whomever he or she wants as the beneficiary of the FEGLI proceeds is therefore very broad and is unrestricted by state laws to the contrary.

The legislative history of the amendments to the Federal Employees Group Life Insurance Act of 1954 (FEGLIA) clearly indicates Congress's intent that the order of precedence set out in the statute should prevail over any extraneous document designating a beneficiary, unless the designation had been properly received in the employing office. *See* S.Rep. No. 1064, 89th Cong., 2nd Sess., *reprinted in* 1966 U.S.Code Cong. & Admin.News 2070, 2071. Congress stated that the general intent of the statute was to avoid administrative difficulties for the government and insurance companies, and more importantly, to avoid delay in paying insurance benefits to the survivors of federal employees. *Id.* at 2071.

In *Stribling v. United States*, 419 F.2d 1350 (8th Cir.1969), the Eighth Circuit Court of Appeals examined the legislative history of the FEGLIA in determining that a beneficiary designation under a Servicemen's Group Life Insurance (SGLI) policy must be made strictly in accordance with the statutory procedures. Private Stribling had designated that the proceeds of his insurance were to be paid "in the order of preference set forth in the law." *Id.* at 1351. Stribling's widow would therefore be paid first. Stribling's mother, however, produced evidence that he had intended for her to receive the proceeds. *Id.* The Eighth Circuit affirmed the district court's decision to strictly construe the statutory

language requiring a beneficiary designation to be in writing and received in the uniformed services prior to the serviceman's death. *Id.*

The court in *Stribling* first noted that "congressional intent is the guidepost to judicial interpretation of Federal statutes," and where the interpretation of a particular statute is in doubt, the express language of another statute employing similar language and applying to similar persons may control by force of analogy. *Id.* at 1352. The *Stribling* court determined that the provisions of the Servicemen's Group Life Insurance Act (SGLIA) and FEGLI were sufficiently similar to enable the court to interpret the meaning of one by an examination of the other, and since Congress intended beneficiary designations made under FEGLI to be strictly construed, the same was true for designations made under the SGLIA. *Id.* at 1353–55. The *Stribling* court believed that this interpretation was the "plain import of the statute" and would give Congress's words their "plain and unequivocal meaning." *Id.* at 1355.

Thus, the Eighth Circuit has determined that Congress clearly intended a beneficiary designation made according to the procedures prescribed by the FEGLI statute was to be strictly construed, and that evidence of the alleged intent of the insured was not to be considered.

The United States Supreme Court has also determined that a beneficiary designated in accordance with the procedures prescribed by the SGLIA should prevail over beneficiaries designated in another document. *See Ridgway v. Ridgway*, 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981).

Like the present case, the plaintiffs in *Ridgway* were the decedent's children from a previous marriage. *Id.* at 48, 102 S.Ct. at 51. The divorce decree had ordered the decedent to maintain insurance on his life with his children as beneficiaries. *Id.* After marrying his second wife, the decedent changed the beneficiary designation on his SGLI policy so that the proceeds would be paid as specified "by law." *Id.* Thus, the proceeds would be paid to his lawful spouse at the time of his death. *Id.* at

48–49, 102 S.Ct. at 51–52. The plaintiffs argued that a constructive trust should be applied to the proceeds for the benefit of the children. *Id.* at 49, 102 S.Ct. at 52.

Even though the Supreme Court found its holding "unpalatable," it determined that the Supremacy Clause of the United States Constitution mandated that the federal law of the SGLIA must prevail over the conflicting state law of domestic relations and of constructive trusts. *Id.* at 54–56, 62–63, 102 S.Ct. at 54–56, 59. The Supreme Court determined that an insured under the SGLIA had the right to freely designate a beneficiary, and that there was no doubt that "Congress was aware of the breadth of the freedom of choice accorded the service member under the SGLIA." *Id.* at 56, 102 S.Ct. at 55. The Supreme Court also stated that "Congress has spoken with force and clarity in directing that the proceeds [under the SGLIA] belong to the named beneficiary and no other." *Id.* (quoting *Wissner v. Wissner,* 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950).

In *Metropolitan Life Ins. Co. v. McShan,* 577 F.Supp. 165 (N.D.Cal.1983), the United States District Court for the Northern District of California followed the holding in *Ridgway* in determining that the beneficiary designation provisions under FEGLI preempt state law. The facts of *McShan* are virtually identical with those of *Ridgway* and of the present case. A state divorce decree had ordered the decedent to maintain insurance on his life, naming his children from a previous marriage as beneficiaries. *Id.* at 165. The decedent later remarried and designated his second wife as sole beneficiary of his FEGLI insurance policy. *Id.* at 166. The decedent's children asserted that the proceeds of the FEGLI policy should be held in a constructive trust because the decedent had violated a court order. *Id.* The court in *McShan* rejected the children's argument, stating that the federal regulations providing for an unrestricted right to change beneficiaries preempted the state court's ability to enter a judgment restricting that right. *Id.*

The *McShan* court, referring to the Supreme Court's holding in *Ridgway, supra,* also noted the similarities between the SGLIA and FEGLI, stating that the basic structure of the two statutes are the same and that the designation of beneficiary provisions are "virtually indistinguishable." *Id.* at 167. In addition, the court in *McShan* determined that the beneficiary designation provisions in FEGLI are even stronger than those of the SGLIA because the FEGLI regulations contain the additional admonition that the insured's right "cannot be waived or restricted." *Id.*

Thus, the court in *McShan* determined that the state court order was in direct conflict with the federal law and that it must yield.

*See also O'Neal v. Gonzalez,* 839 F.2d 1437, 1440 (11th Cir.1988) (Congress intended an inflexible rule that a beneficiary designated in accordance with the statute would receive the proceeds); *Metropolitan Life Ins. Co. v. McMorris,* 786 F.2d 379, 380 (10th Cir.1986) (FEGLI statutes preempt state law regarding a designation of beneficiary in a divorce decree); *Knowles v. Metropolitan Life Ins. Co.,* 514 F.Supp. 515, 516 (N.D.Ga.1981) (marriage settlement agreement cannot operate as a waiver or restriction of insured's right to change beneficiary); and, *Metropolitan Life Ins. Co. v. Trainor,* 754 P.2d 427, 428 (Colo.Ct.App.1988) (Congress indicated clear intention to make strict compliance with FEGLI statutory provisions mandatory).

Plaintiffs cite a recent case from the Seventh Circuit for the proposition that a constructive trust may be imposed on FEGLI proceeds paid to a second wife in spite of a divorce decree ordering that insurance be maintained with the children from a previous marriage as beneficiaries. *See Rollins v. Metropolitan Life Ins. Co.,* 863 F.2d 1346 (7th Cir.1988). The circumstances of *Rollins* indicate that its holding should be limited to its facts.

Like the present case, the decedent in *Rollins* had been directed by a divorce decree to maintain insurance on his life with the children from a previous marriage

as the beneficiaries. *Id.* at 1348. Unlike the cases discussed above, however, the decedent in *Rollins* had been separated from his second wife, Nancy, shortly before his death. *Id.* A petition for dissolution of the marriage was pending when the insured died. *Id.* In addition, the decedent was paying no support to Nancy and an oral agreement regarding the distribution of most of their property had been reached. *Id.* at 1349. Nancy had also sought a restraining order to keep the insured from disturbing her. *Id.* Thus, a reconciliation appeared unlikely. Most significantly, the insured had not expressly designated Nancy as his beneficiary; she sought to take the insurance proceeds by the statutory default provisions. *Id.* at 1348.

The court in *Rollins* noted the "striking differences" in personal circumstances between the parties in its case and the parties in the cases discussed above. *Id.* at 1352. The *Rollins* court found it significant that the decedent had not expressly designated his second wife as beneficiary and that she sought to take by default. *Id.* The *Rollins* court determined that section 870.902 of the federal regulations applies only to the *express* designation of beneficiaries and thus beneficiaries who wish to take by default should not be protected by its broad scope. *Id.* at 1353.

The court in *Rollins* failed to address the preemption language of section 8709(d) of the FEGLI statutes, nor did it refer to the legislative history discussed above and by the Supreme Court and the other federal courts. It is arguable that the court in *Rollins* ignored the clear intent of Congress so that it could avoid the "unpalatable" result the Supreme Court was forced to reach in *Ridgway.*

Under the facts and circumstances of the present case, the court finds there are no genuine issues of material fact, and that the federal law is such that the moving parties are entitled to summary judgment on the issue of whether a constructive trust may be imposed on the proceeds of a FEGLI policy.

THEREFORE, BASED ON THE FOREGOING:

1) PLAINTIFFS' MOTION TO AMEND THE AMENDED COMPLAINT IS DENIED;

2) DEFENDANT SUSAN MERCIER'S MOTION TO DISMISS IS GRANTED; AND,

3) DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT IS GRANTED.