**Eonda v. Affinito**

*Paul J. Leventon* and *Anthony M. Mariana,* for plaintiff.

*Frank C. Carroll,* for defendant.

GILMORE, *J.,* November 13, 1991—This matter is before the court on a complaint in equity seeking the imposition of a constructive trust on the proceeds of a life insurance policy.

## FINDINGS OF FACT

(1) Mildred Eonda and Philip F. Eonda entered into a comprehensive marriage settlement agreement on June 30, 1982, and were divorced by decree of this court later the same year.

(2) Paragraph 2f of the agreement provides:

"(f) Husband agrees to designate his son, Philip Charles Eonda, as beneficiary on all of his existing life insurance policies."

(3) At the time the agreement was executed Philip Charles Eonda, the plaintiff herein, was 22 years-of-age and not living with or dependent upon either of his parents.

(4) At the time the agreement was entered into, Philip F. Eonda, incident to his employment with the federal government as an air traffic controller, was provided with a Federal Employees' Group Life Insurance policy. In this context, Mildred Eonda testified that this was the only policy of life insurance she was aware of when the agreement was executed.

(5) In compliance with the agreement, Philip F. Eonda designated his son, Philip Charles Eonda, as beneficiary of his FEGLI policy on September 10, 1982.

(6) On July 30, 1988, Philip F. Eonda, without notice to anyone, changed the designated beneficiary on his FEGLI policy to Jeannene A. Affinito, the defendant herein.

(7) Philip F. Eonda died testate on January 13, 1990. Jeannene A. Affinito was granted letters testamentary on his estate on January 25, 1990, at No. 63-90-0118. Jeannene A. Affinito applied for and received the benefits of Philip F. Eonda's FEGLI policy in the amount of $34,421.77.

## DISCUSSION

The plaintiff in a two-count complaint alleges both unjust enrichment and the existence of the plaintiff as a third-party beneficiary of the marriage settlement agreement. The plaintiff requests a constructive trust be imposed upon the insurance proceeds in the hands of the defendant. The defendant answers by stating that the designation of the beneficiary on all FEGLI insurance policies is governed by federal statute, that the deceased and the defendant complied with the requirements of the statute and, since federal law preempts any state law, no claim against the defendant exists.

An evidentiary question involving the "Dead Man's Act," 42 Pa.C.S. §5930, must be addressed. The defendant objects to the introduction of her own testimony, the testimony of Philip Charles Eonda and that of Mildred Eonda, raising the bar of the Act. In order to be disqualified there are three criteria:

"(1) The deceased must have had an actual right in the matter at issue; (2) the interest of the witness, not simply the testimony, must be adverse; and (3) a right of the deceased must have passed to a party of record...." *In re Estate of Rider,* 487 Pa. 373, 409 A.2d 397 (1979).

In this case the defendant obviously cannot have an interest which is adverse and, therefore, no disability is present. The ex-wife also has no interest adverse to the deceased because she has no pecuniary interest at all in the case, only the son has an interest. The mere fact she supports the position of the plaintiff and opposes the defendant is irrelevant. Finally, the plaintiff only testified to matters which occurred after the death of Philip F. Eonda. The Act only bars testimony before death. Consequently, all witnesses were competent to testify.

It must first be determined whether the plaintiff has stated a valid cause of action under state law. In *Torchia v. Torchia,* 346 Pa. Super. 229, 499 A.2d 581 (1985), the husband and wife had entered into a written property settlement agreement which provided that the husband would "maintain his three children as beneficiaries of all insurance policies that he presently owns." In furtherance of the agreement Mr. Torchia named his three children as beneficiaries on two policies of insurance provided at his place of employment. He thereafter remarried and soon after changed the beneficiary designation to his new wife with the children as contingent beneficiaries. Mr. Torchia died and his second wife collected the proceeds of the insurance policies. In imposing a constructive trust, the court stated:

"To sustain a claim of unjust enrichment, a claimant must show that the party against whom recovery is sought either 'wrongfully secured or passively received a benefit that it would be unconscionable for her to retain.' *Roman Mosaic & Tile Co. v. Vollrath,* 226 Pa. Super. 215, 218, 313 A.2d 305, 307 (1973). 'In order to recover, there must be both (1) an enrichment, and (2) an injustice resulting if recovery for the enrichment is denied.' *Samuels v. Hendricks,* 300 Pa. Super. 11, 14-15, 445 A.2d 1273, 1275 (1982) (emphasis in original), quoting *Meehan v. Cheltenham Township,* 410 Pa. 446, 449, 189 A.2d 593, 595 (1963). '[A] showing of knowledge or wrongful intent on the part of the benefited party is not necessary in order to show unjust enrichment. Rather, the focus is on the resultant unjust enrichment[,] not on the party's intention.' *Crossgate Realty Inc. v. Moore,* 279 Pa. Super. 247, 252, 420 A.2d 1125, 1128 (1980)."

In *Hundertmark v. Hundertmark,* 372 Pa. 138, 93 A.2d 856 (1952), the Supreme Court addressed an analogous situation in which, in a post-nuptial property settlement

agreement, a husband had agreed not to change the beneficiary of a life insurance policy to anyone other than his wife. The husband subsequently remarried and named his second wife as beneficiary. The court stated:

"The law appertaining to the equitable assignment of the benefits of an insurance policy is well settled in this state. There is no doubt that a beneficiary named pursuant to a definite agreement that he shall be so named, by virtue of a valuable consideration moving from him, acquires a right in the policy or the proceeds thereof that will be protected against subsequently named beneficiaries who have no superior equity,..." quoting *Visnik v. Mance*, 326 Pa. 399, 402, 191 A. 127 (1937).

Although the defendant does not seriously argue Pennsylvania law in regard to whether a constructive trust can be imposed, she does argue a lack of consideration. Mildred Eonda testified that she gave up certain pension rights to secure the insurance beneficiary designation in the agreement. The defendant argues that since Mrs. Eonda had no pension rights she gave up nothing for the beneficiary designation. This argument is without merit. The agreement is a comprehensive marriage settlement agreement and no particular exchange of assets or rights are linked to another. The fact she may have been mistaken in her belief as to pension benefits is irrelevant. The agreement contains valid consideration.

It is further without merit that the plaintiff herein was not a party to the contract. As long as the agreement between the parties was valid, the plaintiff is a classic third-part beneficiary and is entitled to enforce the contract. Under Pennsylvania law the plaintiff has made out a case for the imposition of a constructive trust on the funds in the hands of the defendant.

The next issue is substantially more complex. The insurance policy owned by Philip F. Eonda was authorized

by Congress in the Federal Employees' Group Life Insurance Act, 5 U.S.C. §8701 et seq. The Act, in regard to the designation and payment to beneficiaries, provides the following:

"(a) The amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:

"First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office... For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect." 5 U.S.C. §8705(a).

In furtherance of the Act, the Office of Personnel Management at 5 C.F.R. §870.902(e) provides:

"A change of beneficiary may be made at any time, without the knowledge or consent of the previous beneficiary. This right cannot be waived or restricted."

In *Mercier v. Mercier,* 721 F. Supp. 1124 (D. N.D. 1989), the U.S. District Court of North Dakota held the federal law controlling and no such constructive trust could be imposed upon proceeds of a FEGLI insurance policy. In *Mercier* the parties were divorced and the divorce decree provided that the husband was to maintain a life insurance policy on his life with the minor child of the marriage designated as beneficiary. Several years later the husband remarried and changed the beneficiary designation to his new wife. One month later the husband died. The second wife filed a claim and received the proceeds of the insurance. The first wife filed suit to have a constructive trust imposed upon the proceeds for the benefit of the minor child of the marriage. The court

held the language of the Act and the regulations clearly indicated that the proceeds are payable to the named beneficiary. The court further held that the federal law preempts any state law which might affect the same and no constructive trust could be imposed upon the proceeds.

The court relied heavily on two cases involving not FEGLI, but the Servicemen's Group Life Insurance Act. *Stribling v. United States,* 419 F.2d 1350 (8th Cir. 1969) and *Ridgeway v. Ridgeway,* 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981). Both cases hold that a constructive trust could not be imposed upon insurance proceeds in the hands of the named beneficiary. Both cases involved divorce decrees mandating that certain persons be named beneficiaries of the life insurance policies.

In *Metropolitan Life Insurance Co. v. McShan,* 577 F.Supp. 165 (N.D. Cal. 1983), the District Court for the Northern District of California followed *Ridgeway,* noting the strong similarities between the beneficiary provisions of SGLI and FEGLI and rejected the imposition of a constructive trust. In this context, see also *O'Neil v. Gonzales,* 839 F.2d 1437, 1440 (11th Cir. 1988); *Metropolitan Life Insurance Co. v. McMorris,* 786 F.2d 379, 380 (10th Cir. 1986); *Knowles v. Metropolitan Life Insurance Co.,* 514 F.Supp. 515, 516 (N.D. Ga. 1981).

The plaintiff counters with a series of state court cases, all of which have very similar facts to the instant case and all of which hold that a constructive trust may be imposed on FEGLI insurance proceeds. See e.g. *Roberts v. Roberts,* 560 S.W.2d 438 (Tex. Civ. App. Beaumont, 1977); *Barden v. Metropolitan Life Insurance Co.,* 254 S.E.2d 271 (Ct. App. N.C. 1979).

The only federal case cited by plaintiff is *Rollins v. Metropolitan Life Insurance Co.,* 863 F.2d 1346 (7th Cir. 1988). In *Rollins,* the state court decree granting

the divorce required that the husband maintain life insurance on himself with the children named as beneficiaries. A year after the divorce the husband remarried. During this time the husband became a civilian employee of the federal government and became covered by a FEGLI insurance policy. The husband did not, however, make a written designation of beneficiary. The court allowed the imposition of a constructive trust on the funds in the hands of the second wife who qualified to be the beneficiary through the priority of beneficiaries provisions of the Act. The court distinguished *Ridgeway v. Ridgeway* in that the federal government has no overriding federal concern in the payment of the proceeds of a FEGLI insurance policy, but does in the payment of a SGLI insurance policy. The court further placed heavy emphasis on the fact that there was no written designation of a beneficiary and it was necessary to use the priority sections of the Act to determine who would receive the funds. It should be noted that the court in *Mercier, supra,* specifically distinguished *Rollins* and suggested that the holding in *Rollins* is limited to the particular factual situation involved. *Mercier,* 721 F.Supp. at 1128.

The court finds the argument of the plaintiff more persuasive despite the federal rulings. The Commonwealth has a vital interest in seeing that property settlement agreements arising out of a divorce are enforced. The interest of the federal government beyond being able to avoid the various insurance department rules, regulations and laws in the various states is minimal. There is nothing in the law or regulations indicating any restriction on pursuing the funds in the hands of the beneficiary. The court in *Ridgeway, supra,* at 1350 said:

"We note that there are no federal interests compromised by our decision not to impose a uniform federal rule on the issue of constructive trust and FEGLI insurance

proceeds. As discussed more fully below, the FEGLIA was from its inception, meant to place federal civilian employees on a par with private-sector workers, in terms of the benefits of group life insurance. We find no indication that Congress, in setting up such a program, intended government employees to be free of any legal demands that might be made upon their private counterparts. We therefore see no harm, and much good, in applying Indiana law to this question."

## CONCLUSIONS

(1) Equity has jurisdiction over the parties and the subject matter of this proceeding.

(2) A constructive trust should be imposed on the funds in the hands of the beneficiary.

## DECREE NISI

And now, November 13, 1991, it is decreed that the insurance proceeds of $34,421.77 in the possession of Jeannene A. Affinito, the defendant, are being held by her in trust for Philip Charles Eonda, the plaintiff. It is further decreed that unless exceptions are taken within 10 days from notice of the entry of this decree, the plaintiff may enter judgment against the defendant for the amount stated above and enter a final decree upon praecipe.