**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Gretchen K. THOMPSON, Charles R. Thompson, II and Shane L. Thompson, Defendants.**

**Civil Action No. 3:96cv803(L)(N).**

United States District Court, S.D. Mississippi, Jackson Division.

May 8, 1997.

Steven H. Begley, Wells, Marble & Hurst, Jackson, MS, for Plaintiff.

T. Mark Sledge, Grenfell, Sledge & Stevens, Jackson, MS, William E. Spell, Clinton, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on motion of defendant Gretchen K. Thompson for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendants Charles R. Thompson, II and Shane L. Thompson have responded in opposition. The court, having carefully considered the memoranda of the

parties, finds that the motion of Gretchen Thompson is well taken and should be granted.

Charles R. Thompson was a federal employee who is now deceased. At the time of his death, Thompson was covered under a life insurance policy issued by Metropolitan Life Insurance Company pursuant to the Federal Employees' Group Life Insurance (FEGLI) plan as provided by 5 U.S.C. § 8701 (1997). Thompson's original designated beneficiaries for the policy were his son, Charles, II, and his daughter, Shane, each of whom was to receive a fifty-percent share of the life insurance proceeds upon his death. Subsequently, however, Thompson married his second wife, Gretchen, and signed a new FEGLI beneficiary form in which he designated her as the beneficiary of fifty percent of the proceeds and reduced Charles' and Shane's shares to twenty-five percent each. This he did despite having entered into a prenuptial agreement with Gretchen which stipulated that each of them would designate his or her own children as beneficiaries under his or her respective insurance policies.

Following Thompson's death on December 24, 1995, Metropolitan paid both Charles and Shane twenty-five percent of the proceeds under the FEGLI policy. However, since it was uncertain as to who should receive the remaining fifty percent, Metropolitan filed an interpleader action asking that the court determine the proper beneficiary of that portion. After depositing into the court registry $134,661.71, representing the remaining proceeds, plus interest, Metropolitan was dismissed from the case.

In this action, Gretchen claims that, under federal law, she is entitled to the remaining proceeds based on Thompson's last designation of beneficiary form, while Charles and Shane claim to be entitled to the remaining fifty percent based on the language of the prenuptial agreement. Though Thompson's children do not challenge his right to designate whomever he desired as a beneficiary, they do contend that, under state contract law, Gretchen's signing of the prenuptial agreement acted as a waiver of her right to collect any benefits under the policy and that she should be estopped from filing a claim for the proceeds.

█ FEGLI is a federal insurance program administered under federal law, not a private contract between the insured and the insurer. *Knowles v. Metropolitan Life Ins. Co.,* 514 F.Supp. 515, 516 (N.D.Ga.1981). Consequently, federal law pertaining to federal life insurance plans provided to government employees supersedes any "conflicting state law of domestic relations." *Mercier v. Mercier,* 721 F.Supp. 1124, 1127 (D.N.D. 1989). Congress, in fact, anticipated potential conflicts between the law pertaining to FEGLI and state law and expressly addressed it through the plain language of 5 U.S.C. § 8709(d)(1) when it provided that the provisions of any contract under FEGLI:

> which relate to the nature or extent of coverage or benefits . . . shall supersede and preempt any law of any State . . . to the extent that the law or regulation . . . is inconsistent with the contractual provisions.

*Id.* at 1125.

█ Furthermore, it is evident that Congress intended for a properly designated beneficiary to take precedence over any other potential beneficiary, *id.* at 1126, since it provided in 5 U.S.C. § 8705(a) for the proceeds of a FEGLI policy to be paid, "[f]irst, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office" and that "a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect." 5 C.F.R. § 870.902(b) (1997). Additionally, under federal law, a FEGLI policyholder's right to change the beneficiary of his life insurance policy at any time cannot be waived or restricted. 5 C.F.R. § 870.902(e) (1997). Thus, Congress clearly intended to give the FEGLI insured a very broad right to designate whomever he wanted as beneficiary of the proceeds, without being restricted by conflicting state laws. *Mercier,* 721 F.Supp. at 1126.

█ Since it is undisputed between the parties that Thompson complied with the federally-mandated procedure for naming Gret-

chen as a beneficiary of his FEGLI policy, the only issue is whether she has, by her explicit agreement not to claim an interest in the decedent's insurance, waived her right to receive the proceeds designated for her. However, as the following cases illustrate, even though prenuptial contracts are valid and enforceable as a matter of Mississippi law, *see Smith v. Smith,* 656 So.2d 1143 (Miss.1995), "[t]he United States Supreme Court has ... determined that a beneficiary designation in accordance with the procedures prescribed by [a federal life insurance policy] should prevail over beneficiaries designated in another document." *Mercier,* 721 F.Supp. at 1126; *see also Ridgway v. Ridgway,* 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981). Therefore, although this court is unaware of a case which specifically addresses a beneficiary's purported waiver of FEGLI benefits through a prenuptial agreement, it is nonetheless clear that no matter what type of contract the insured executes to the contrary, a designated beneficiary prevails against all other claimants. *See, e.g., O'Neal v. Gonzalez,* 839 F.2d 1437 (11th Cir.1988) ("insured's designation of beneficiary under FEGLI prevails for all purposes" despite contractual agreement to do otherwise); *Knowles v. Metropolitan Life Ins.,* 514 F.Supp. 515 (N.D.Ga. 1981) (marriage settlement agreement to maintain plaintiff as FEGLI beneficiary did not operate as waiver or restriction of insured's right to change beneficiary). It is evident, then, that Thompson had the right to designate Gretchen as beneficiary and, notwithstanding the prenuptial agreement, she is entitled to receive the proceeds intended for her.

■ Furthermore, although the decedent's children argue that even if Gretchen is technically entitled to receive the benefits, she should nevertheless be estopped from *collecting* them, there is no question under the authorities cited but that Gretchen is entitled to collect her fifty-percent share of the proceeds,[1] since the language and intent of FEGLI create "an inflexible rule that the *beneficiary designated* in accordance with the statute ... *receive[s] the policy proceeds,* regardless of other documents or the equities in a particular case." *Dean v. Johnson,* 881 F.2d 948, 949 (10th Cir.1989) (emphasis added). Indeed, analogous to the case at bar, even where the parties to a contract clearly intend to deprive, rather than to assure the named beneficiary of the right to any proceeds, the designated beneficiary prevails. *See, e.g., Estate of Hanley v. Andresen,* 39 Wash.App. 377, 693 P.2d 198 (Wash.App.1984) (where divorce decree purported to divest named beneficiary of rights under FEGLI, failure to properly execute change in designation entitled named beneficiary to proceeds as against competing claimants). And in fact, even had a Mississippi court ordered Thompson to designate his children as the sole beneficiaries to the specific exclusion of Gretchen, as long as he followed the proper procedures prescribed by the policy for beneficiary designation, Gretchen would still be entitled to collect the proceeds. *See Metropolitan Life Insurance Co. v. McShan,* 577 F.Supp. 165 (N.D.Cal. 1983) (FEGLI Act preempted state court divorce decree requiring insured to maintain children as beneficiaries). It is clear, then, that Congress intended for the FEGLI insured's named beneficiaries to collect the proceeds allocated to them, notwithstanding any extraneous contract. To do otherwise would eviscerate the very purpose of the designation.

Based on the foregoing, it is ordered that Gretchen Thompson's motion for summary judgment is granted. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

---

1. Moreover, Gretchen will not be required to hold the proceeds in constructive trust for the benefit of the children. *See Mercier v. Mercier,* 721 F.Supp. 1124 (D.N.D.1989) (federal insured's designation of beneficiary prevails over state law of constructive trusts); *see also Metropolitan Life Insurance Co. v. McShan,* 577 F.Supp. 165 (N.D.Cal.1983) (mere fact that FEGLI contains no attachment provision under which policy proceeds are protected from attachment, levy or seizure does not compel conclusion that a constructive trust may be imposed).